UNITED STATES of America, Plaintiff–Appellee,

v.

Henry STUCKEY, Defendant–Appellant.

No. 12–10456.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 21, 2013.

Christina Brown, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, Elizabeth Olson White, Esquire, Assistant U.S., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Chad Albert Bowers, Esquire, The Law Office of Chad A. Bowers, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Henry Stuckey appeals from the district court's judgment and challenges the 137–month sentence imposed following his guilty-plea conviction for mail fraud, in violation of 18 U.S.C. § 1241; wire fraud, in violation of 18 U.S.C. § 1343; and simple assault, in violation of 18 U.S.C.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 111(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stuckey contends that the district court erred by denying him a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We review for clear error the district court's decision to deny a reduction for acceptance of responsibility. *See United States v. Fleming,* 215 F.3d 930, 939 (9th Cir.2000).

The district court did not clearly err in declining to grant a reduction for acceptance of responsibility because the record reflects that, during the sentencing hearing, Stuckey sought to minimize the extent of his criminal culpability and fraudulent intent. *See id.* at 940 (concluding that a defendant who "maintained that he acted with an empty head but a pure heart" did not accept responsibility for his offense).

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.